KING and others *vs.* THE TOWN OF UNION and others.

Proceedings on attachment for contempt in violating an injunction permitted to stand over, on the ground that steps were being taken to permanently abate the nuisance, the complainants, therefore, not invoking immediate action by the court; but attachment to be promptly issued, unless the nuisance be speedily abated.

On motion for attachment.

*Mr. W. H. Vredenburgh,* for the motion.

*Mr. Leon Abbett* and *Mr. J. Dixon,* contra.

THE CHANCELLOR.

This is one of several suits instituted by the complainants against the Town of Union, Daniel Bermes, Louis Lineworth, August Boemeke, and William Peters, respectively, to restrain them from continuing the nuisance of fouling a stream of water running through the premises of the complainants. On filing the bills, an injunction was granted in each case. The writs were duly served. The complainants, alleging that the nuisance still continued, applied for an attachment as for contempt against Bermes, who, it was alleged, had disregarded the injunction. He, however, denied the charge, and claimed that he had strictly obeyed the mandate of the court. Pending the proceedings against him, it was agreed by the counsel representing the various defendants in the suits, that the court should appoint a commissioner to ascertain and report as to the existence of the nuisance, and whether the defendants, or any of them, were responsible for it. He was also to report as to what measures were necessary to relieve as well the defendants as the complainants in the premises, it being alleged, that so far as the individual defendants were concerned, the nuisance, if attributable to them, arose from the water discharged from

their breweries in the course of their business, and that as to the town, it was occasioned by the use, by the people, of a common sewer, the closing of which would not only be a very great inconvenience to the inhabitants, but would be likely to have an injurious effect upon the public health. A commissioner was appointed accordingly. He reported that Bermes was not violating the injunction, and appeared not to have done so; that Lineworth and Peters and the town were, and had been disregarding it. He submitted a plan, apparently very feasible and effectual, for the relief of all parties, by the construction of a sewer or sewers by the town.

Application is now made for an attachment as for contempt against all the defendants in the suits. They join in deprecating any action, looking to their arraignment for a disregard of the interdict of the court, on the ground that steps are being taken for a permanent abatement of the nuisance, and that the town has adopted the recommendation of the commissioner, and has applied to the legislature for the requisite authority to enable it to construct the proposed works. They ask, that under the circumstances, the proceedings be stayed. Yielding to these considerations, the complainants consent to defer invoking the action of the court for violation of the injunction. To afford the defendants the opportunity they desire, I am willing that the matter should take this course, but I deem it proper to say, that unless the nuisance shall be speedily abated by the means proposed, or otherwise, prompt action will, whenever proper proceedings to that end may be instituted, be taken by the court in reference to the contempt of which it is alleged the defendants have been guilty.